UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CESAR RICO MURILLO,

       Petitioner,

                       Case No. 15-cv-508-pp

v.

DEPARTMENT OF HOMELAND SECURITY,
IMMIGRATIONS CUSTOMS ENFORCEMENT,
IMMIGRATION COURTS, and
ATTORNEY GENERAL,

       Respondents.

---

**ORDER DENYING WITHOUT PREJUDICE *HABEAS CORPUS* PETITION (DKT. NO. 1) AND DENYING AS MOOT THE PETITIONER'S APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2), MOTION FOR APPOINTMENT OF COUNSEL (DKT. NO. 3), MOTION TO PLACE BURDEN ON GOVERNMENT (DKT. NO. 4)**

---

      Cesar Rico Murillo, who at the time he filed this case was in custody at the Kenosha County Detention Center, filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Dkt. No. 1. Representing himself, the petitioner asked the court to order his immediate release from post-removal custody, to enjoin the respondents from further unlawful detention, and for an award of attorney's fees under 28 U.S.C. §2412 and the Equal Right to Justice Act, 5 U.S.C. §504. Id.[1]

---

[1] The court notes that the petitioner captions his pleadings, "United States Department of Justice Executive Office for Immigration Review United States District Court Eastern District of Wisconsin." This caption includes two separate, independent agencies. The Executive Office for Immigration Review is

In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases and Civil L. R. 9(a)(2), the court applies the Rules Governing Section 2254 cases to petitions for a writ of *habeas corpus* under 28 U.S.C. §2241. <u>Chagala v. Beth</u>, No. 15-cv-531, 2015 WL 2345614, at *1 (E.D. Wis. May 15, 2015). Those rules require the court to review, or "screen" the petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## I.  BACKGROUND

The petitioner filed his petition on April 29, 2015.  He alleges that he is a native and citizen of Mexico, that he has been in custody of U.S. Immigration and Customs Enforcement ("ICE") since February 3, 2014, and that he has been detained at the Kenosha County Detention Center in Kenosha, Wisconsin. Dkt. No. 1 at 2. The petitioner states that on February 3, 2014, he was ordered to be removed to Mexico, and that the removal order became final on March 26, 2014.  Roughly thirteen months passed between the date the petitioner claims his removal order became final and the date of the petition. He also alleges that

---

part of the United States Department of Justice. That Department is part of the executive branch of the United States government. The United States District Court is a federal trial court, and is part of the judicial branch of the government. If the petitioner wishes to ask the Executive Office for Immigration Review to do something for him, he must ask that office directly—this court has the authority only to rule on motions addressed to the District Court for the Eastern District of Wisconsin.

Case 2:15-cv-00508-PP   Filed 12/02/15   Page 2 of 9   Document 9

he has exhausted his administrative remedies. See Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004) (A §2241 petitioner must exhaust his administrative remedies before filing his petition.).

The petitioner contends that the length of his pre-removal detention "is unlawful and contravenes 8 U.S.C. §1231(a)(6) as interpreted by the Supreme Court in" Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491 (2001), and that it violated his constitutional substantive and procedural due process rights. Id. He asks the court to issue a writ of *habeas corpus* directing the respondents to immediately release him from custody. Id. at 3. Although the petitioner alleges that ICE detained him in the Kenosha County Detention Center, the petitioner did not name the warden of that facility (Kenosha County Sheriff David G. Beth) as a respondent. Instead, he named the Department of Homeland Security, ICE, the "Immigration Courts," and the Attorney General.

After the petitioner filed his case here in federal court, the clerk's office attempted to mail to him, at the Kenosha County Detention Center, two letters and an order. The clerk's office mailed the first letter on April 30, 2015. Dkt. No. 5. On May 11, 2015, that mail was returned to the court as undeliverable; the Detention Center informed the clerk's office that the petitioner had been "released to INS" on May 1, 2015. Dkt. Entry, May 11, 2015. On May 12, 2015, a member of the clerk's office made a notation on the court docket, indicating, "Per INS, petitioner's new address is . . . Peoria, Illinois." Dkt. Entry, May 12, 2015. On May 14, 2005, the clerk's office sent a letter to the petitioner at that new address, Dkt. No. 7; that letter was returned by the postal service

3

"undeliverable," for "insufficient address." Dkt. No. 8. Since the date he filed the petition, the petitioner has not filed any change of address information with the court.

## II.   DISCUSSION

The court is not in a position to consider the merits of the petition. First, the petitioner did not name the warden of the Kenosha County Detention Center as a respondent, as required by law. Second, it appears that the petitioner was released from the detention center two days after he filed his petition, and the petitioner has not provided the court with any information regarding whether he remains in custody somewhere else.

A. The Petition Names the Wrong Respondent.

In Kholyavskiy v. Achim, 443 F.3d 946 (7th Cir. 2006), the Seventh Circuit held that the "immediate custodian rule" applies to *habeas* petitions in which the petitioner "does not challenge the validity of his removal order, but instead attacks the constitutionality of his confinement while he was awaiting removal." Id. at 952. Under this rule, a *habeas* petitioner must name the warden of the facility where he is physically incarcerated when the petition is filed, i.e., the "person who has the *immediate custody* of the person detained, with the power to produce the body of such party before the court or judge." Id. (citing Rumsfeld v. Padilla, 542 U.S. 426 (2004)).

Kholyavskiy also involved a petitioner (Kholyavskiy) who was in custody at the Kenosha County Detention Center. Like the petitioner here, Kholyavskiy did not name the warden (the sheriff) as a respondent. Id. at 947. Instead, he

4

named the Chicago field director for ICE (defendant Achim), along with the Secretary of the Department of Homeland Security and the Attorney General. Id. The district court applied the immediate custodian rule, and dismissed the petition because the petitioner did not name the warden of the Kenosha County Detention Center as a respondent. Id. at 947. On appeal, Kholyavskiy argued that ICE Detention Operations Manual provided that only an ICE official, such as Achim, "not the warden, has the power to produce the body of the detainee before a habeas court," and he maintained that "Achim is the functional equivalent of a warden for purposes of his habeas challenge." Id. at 953. Therefore, he contended that he was in actual custody of ICE, not the Kenosha County Detention Center. Id. at 953. The Seventh Circuit rejected those arguments and affirmed. Id. at 954.

Kholyavskiy requires that, for *habeas* purposes, "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." Id. at 953 (quoting Padilla, 542 U.S. at 439). Consequently, the petitioner in this case should have named as the respondent the Kenosha County Sheriff, because he was the individual who had immediate authority to produce the petitioner. Id. Because the petitioner did not name the sheriff, the petition is subject to dismissal on that basis alone. Id. See also Chagala v. Beth, No. 15-C-531, 2015 WL 2345614, at *1 n.1 (E.D. Wis., May 13, 2015) (finding "the only proper [r]espondent is . . . the Kenosha County Sheriff who oversees the Kenosha County Detention Center, because he has day-to-day control over" the petitioner, and dismissing the Department of Homeland

5

Security, ICE, the "Immigration Courts," and the Attorney General).

If the petitioner is in custody somewhere, this would be a problem that the petitioner can remedy, by filing an amended petition naming as the respondent the entity or person who has custody over him. Padilla, 542 U.S. at 438 ("A habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'"). That raises the question, however, of whether the petitioner remains in custody anywhere under ICE authority.

B.    If The Petitioner Is No Longer In Custody, The Petition May Be Moot.

Under §§1231(a)(3), an alien can be detailed for ninety days pending removal. Some aliens, including those who have committed certain crimes or "have been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period," and if they are released, may be subject to other terms of supervision. See 8 U.S.C. §1231(a)(6). In Zadvydas, the Supreme Court concluded that six months was a presumptively reasonable time to detain an alien pending removal under §1231(a)(6). Zadvydas, 533 U.S. at 701.

*Habeas corpus* is the appropriate vehicle for obtaining release from immigration custody where there is inordinate delay pending removal. See Zadvydas, 533 U.S. at 687 (under 28 U.S.C. § 2241(c)(3), federal courts have jurisdiction to consider post-removal period detention cases). Under 28 U.S.C. § 2241(c), a writ of *habeas corpus* "shall not extend to a prisoner" unless he is

6

"in custody." The "in custody" requirement is satisfied at the time of the filing of the petition. Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citing Carafas v. La Vallee, 391 U.S. 234, 238 (1968) and Maleng v. Cook, 490 U.S. 488, 490-491 (1989)). "A post-removal detainee who is released while his petition for writ of *habeas corpus* is pending still meets the 'in custody' requirement; his release does not necessarily render his petition moot." Othman v. Gonzales, No. 07-cv-13, 2010 WL 1132669, at *2 (S.D. Ill., Mar. 1, 2010).

The petition still must present a "case or controversy" under Article III, §2 of the Constitution, however, for the court to be able to grant relief to the petitioner. That means the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7 (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990)). The Seventh Circuit has directed lower courts to "dismiss a case as moot when it cannot give the petitioner any effective relief." A.M. v. Butler, 360 F.3d 787, 790 (7th Cir. 2004). After a *habeas* petitioner has been released from custody, the petitioner must demonstrate that some "concrete and continuing injury" or "collateral consequences" must have resulted from the detention in order for the suit to present a continued case or controversy. Spencer, 523 U.S. at 7 (citing Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968)).

In this case, the petitioner challenged his continuing detention and sought to be released from custody pending removal, but he did not challenge the validity of the removal order itself. Indeed, he stated that he "has

7

cooperated fully with all efforts by ICE to remove him from the United States . . . ." Dkt. No. 1 at 2. It is not clear from his petition, however, whether he believes that he sustained any injury (other than the fact of being detained) from the thirteen months he spent in confinement at the detention center, or from some order that may restrict his freedom even after release. See Alvarez v. Holder, 454 F. App'x 769, 772-73 (11th Cir. 2011) (concluding that a *habeas* petition was not mooted by the petitioner's release from ICE custody because he remained subject to a supervised release order, which the petitioner challenged). Without further information from the petitioner, the court cannot determine whether the petition is moot.

    C.    <u>The Petitioner Has Not Provided the Court With Any Information Regarding His Current Status or Whereabouts.</u>

According to the Kenosha County Detention Center, the petitioner was "released to INS" sometime between April 29 and May 1, 2015. The clerk's office also was told (apparently by someone at ICE) that the petitioner had a new address in Peoria, Illinois. But the petitioner himself has not filed anything with the court since the day he filed his petition. The court does not know whether he went from custody in the detention center to some other custody, whether he was removed from the country, or whether he was released altogether. It is the petitioner's responsibility to keep the court informed regarding whether he remains in custody, and to let the court know where he is and how to reach him. If the petitioner is not concerned enough with the merits of his case to provide the court with new address information, or to tell the court whether he remains in custody, the court cannot grant him relief.

For all of these reasons, the court will deny the petition. If the petitioner is, in fact, in custody somewhere at the direction of ICE, he may file another petition.

D.    The Dismissal of the Petition Moots the Petitioner's Other Motions.

The petitioner filed a motion asking the court to allow him to proceed with his *habeas* case without having to pay the filing fee. Dkt. No. 2. He also filed a motion asking the court to appoint a lawyer to represent him, Dkt. No. 3, and a motion asking the court to require ICE to show why he should not be released, Dkt. No. 4. Because the court is dismissing the *habeas* petition, these motions are moot.

## III.    CONCLUSION

For the reasons explained above, the court **DISMISSES** the April 29, 2015 *habeas corpus* petition **without prejudice**. Dkt. No. 1. The court **DENIES** the plaintiff's application to proceed *in forma pauperis*, Dkt. No. 2, motion for appointment of counsel, Dkt. No. 3, and motion to require ICE to show why he should not be released, Dkt. No. 4, as **moot.**

Dated in Milwaukee, Wisconsin this 2nd day of December, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

9